# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAY F. VERMILLION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:11-CV-280 JVB |
| | ) |
| WILLARD PLANK, CHARLES | ) |
| WHELAN, DAWN BUSS, RALPH | ) |
| CARRASCO, D. WALKER, BESSIE | ) |
| LEONARD, MARK LEVENHAGEN, | ) |
| MARK BRENNAN, SALLY | ) |
| NOWATKZKE, LARRY WARG, | ) |
| CHARLES PENFOLD, BRETT MIZE, | ) |
| JANE DOE, HOWARD MORTON, CRAIG | ) |
| TRAVIS, ERNESTINE COLE, CELIA | ) |
| BOBSON, JOHN DOE I, JOHN DOE II, | ) |
| JOHN DOE III, LINDA LEONARD, | ) |
| DEBRA DAUGHERTY, DAVID | ) |
| DOMBROWSKY, DOUG BARNES, | ) |
| ROBERT JOHNSON, DAVID LEONARD, | ) |
| STEPHANIE ROTHENBERG, and the | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Jay Vermillion, a prisoner confined at the Westville Control Unit ("WCU"), filed the Complaint in this case under Title 42, United States Code, Section 1983, bringing a variety of claims and alleging that Indiana Department of Correction ("IDOC") officials violated his federally protected rights. He names as Defendants the IDOC and twenty-seven individual IDOC officials.

Under Section 1915A of Title 28 of the United States Code, the Court must review the merits of a prisoner complaint against governmental entities or officials and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Guided by Federal Rule of Civil Procedure

18(a), a district court must "question" and "reject" any complaint that contains unrelated claims against separate defendants. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Like free persons, prisoners cannot file unrelated claims against different defendants in the same suit. *Id.* Prisoners in particular may try to do so as a strategy to avoid filing fees they owe under the Prison Litigation Reform Act after three frivolous suits or appeals. *See id.* (highlighting the problem).

In *Owens v. Hinsley*, the Seventh Circuit reemphasized "that unrelated claims against different defendants belong in separate lawsuits, not only to prevent the sort of morass produced by multi-claim, multi-defendants suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (internal quotation marks omitted). The court explained such complaints "should be rejected, *George*, 507 F.3d at 607, either by severing the action into separate lawsuits or by dismissing improperly joined defendants." *Id.*

The Complaint here is similar to the one in *George* in that Plaintiff is attempting to bring a single lawsuit on unrelated claims against separate defendants involving events that occurred at two separate IDOC facilities. These include claims arising from an investigation and subsequent disciplinary proceeding against Plaintiff at the Westville Correctional Facility ("WCF") (DE 1 paras. 1-28, 55, 59-63, 67, 99-110, 116, 118-20, 131); his "improper" transfer from the WCF to the WCU, which is a "supermax" facility (DE 1 paras. 29-33); the physical conditions of confinement he was subjected to, in violation of the Eighth Amendment, at the WCU (DE 1 paras. 33-51); the interception or destruction of his mail in violation of the First Amendment (DE 1 paras. 52-53); the denial of his application to participate in the A.C.T program (DE 1 paras. 56-58, 80-82); the confiscation and subsequent loss of his personal property (DE 1 paras. 68-70, 75-77, 83-86); the refusal of his request

2

for a return to general population from administrative segregation (DE 1 paras. 66, 71-74, 79-80); the confiscation of his television (DE 1 paras. 87-89, 93); the "ransacking" of his cell and destruction of personal belongings on January 30, 2010 (DE 1 paras. 52-3, 90-91); and the impeding and hindering of his efforts to prosecute a habeas corpus petition challenging the loss of earned credit time (DE 1 at 27-28 para. 11).

As instructed by *George* and *Owens*, this Court will dismiss Plaintiff's multi-claim Complaint with leave to file a separate complaint or complaints incorporating only related claims. Any subsequent complaint should show the relationship between multiple claims if it contains more than one. Plaintiff may bring only properly related claims in his amended complaint in this case. Unrelated claims must be brought in separate cases.

For the foregoing reasons, the Court:

(1) **STRIKES** the Complaint (DE 1);

(2) **DIRECTS** the clerk to send Plaintiff, along with his copy of this order, a blank Prisoner Complaint 42 U.S.C. § 1983 form with this cause number printed on it, summonses, and USM-285 forms;

(3) **GRANTS** Plaintiff until December 9, 2011, to file an amended complaint containing only a single claim or related claims, and providing the materials necessary to serve the Defendants; and

(4) **CAUTIONS** him that if he does not respond by that deadline, this case will be closed without further notice.

SO ORDERED on October 21, 2011.

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge