UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAY F. VERMILLION,<br><br>       Plaintiff,<br><br>    v.<br><br>WILLARD PLANK, CHARLES WHELAN, DAWN BUSS, RALPH CARRASCO, DAWN WALKER, BESSIE LEONARD, MARK LEVENHAGEN, MARK BRENNAN, SALLY NOWATZKE, LARRY WARG, CHARLES PENFOLD, BRETT MIZE, HOWARD MORTON, CRAIG TRAVIS, ERNESTINE COLE, CELIA BOBSON, LINDA LEONARD, DAVID DOMBROWSKY, DOUG BARNES, ROBERT JOHNSON, DAVID LEONARD, STEPHANIE ROTHENBERG, INDIANA DEPARTMENT OF CORRECTIONS, and GARY BRENNAN,<br><br>       Defendants. | Civil Action No. 3:11-CV-280 JVB |

**OPINION AND ORDER**

This case is now before the Court on the pro se prisoner Plaintiff's "Second Verified Motion to Reconsider/Response to the Court's Instructions of 11-05-12," (DE 34) in which he again asks the Court to let him proceed on all of his claims against all of the Defendants named in the Second Amended Complaint. Plaintiff also asks the Court to grant his "previously tendered Motion for the Appointment of Counsel [and] leave to file a Third Amended Complaint; and a continuance sufficient to allow counsel time and opportunity to consult, prepare, and submit; or" that the Court "issue an Order denying the instant Motion such that will enable Plaintiff to file his Notice of Appeal and move on to the Court of Appeals." (*Id.* at 2–3.)

PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL

There is no constitutional or statutory right to court-appointed counsel in federal civil litigation. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Vermillion is proceeding in forma pauperis in this case, so he is eligible for consideration under § 1915(e)(1).

Whether to seek counsel on behalf of an indigent plaintiff is within "the sound discretion of district courts "unless denial would result in fundamental unfairness, impinging on due process." *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967). Courts "recruit lawyers for the parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex." *DiAngelo v. Ill. Dep't of Public Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989).

In exercising its discretion to determine whether to recruit an attorney for a plaintiff, the court is guided by two inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)).

As for the first question, Vermillion filed a motion for appointment of counsel in July 2011, in which he stated that he had written to three attorneys without success. (DE 3 at 4.) Vermillion's current request for appointment of counsel does not assert that he has attempted to find counsel on his own since July 2011, nor does he attach documentation establishing that he attempted to find trial counsel.

The second prong of the test is really a two-fold inquiry. *Pruitt*, 503 F.3d at 655. The Court must consider the related questions of the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. *Id.* Vermillion's case does not involve

2

exceptional circumstances and is not complicated. After screening, this case is before the Court on a single claim that IDOC officials violated the Fourteenth Amendment's due process clause when they transferred him from the to the Westville Control Unit supermax facility. This Court laid out the law regarding such transfers in its screening order. Vermillion is aware of the facts of his case as they are within his personal experience and, to date, he has articulated his claims quite plainly. Accordingly, this Court will deny the Plaintiff's repeated request for appointment of counsel.

PLAINTIFF'S REQUEST THAT THE COURT RECONSIDER ITS SCREENING ORDER.

Plaintiff also asks that this Court enter an order "reinstating all of the claims, (except for the claims of conspiracy under Sections 1985 and 1986), and all of the defendants as set forth in Plaintiff's Second Amended Complaint." (DE 34 at 2).

This is the Plaintiff's second motion to reconsider the screening order, and this motion to reconsider largely reiterates, restates, and expands arguments presented in his earlier efforts to get the Court to reinstate all of his claims against all of the Defendants. In its order of November 5, 2012, (DE 33) the Court already addressed Plaintiff's efforts to reinstate his conspiracy and retaliation claim, and his most recent motion to reconsider adds nothing of substance to his arguments. Accordingly, the Court will not address those arguments again in this memorandum, and will deny his request that it reconsider the screening order.

PLAINTIFF'S ALTERNATIVE REQUEST FOR LEAVE TO TAKE AN INTERLOCUTORY APPEAL

If he should not obtain the other relief sought, Plaintiff alternatively seeks "an Order

denying the instant Motion such that will enable Plaintiff to file his Notice of Appeal and move on to the Court of Appeals." (DE 34 at 3.) This order will not result in a final judgment, however. Accordingly, any appeal from this order would be of the interlocutory variety. Plaintiff needs leave of the Court to take such an appeal, and this case does not meet the limited circumstances where interlocutory appeal is appropriate. *See* 28 U.S.C. § 1292.

PLAINTIFF'S DECISION TO DECLINE TO SELECT ANOTHER CLAIM
OR RELATED CLAIMS UPON WHICH TO PROCEED IN THIS CASE.

In its order of November 5, 2012, this Court advised Vermillion that he could, if he wished he could:

> advise the Court whether he wishes to continue to proceed in this case on his claim that some IDOC officials violated his Fourteenth Amendment due process rights when they transferred him from the ISP to the WCU, or whether he wishes to proceed against a Defendant or set of Defendants on one of the other claims presented in the Second Amended Complaint.

(DE 33 at 7.) If Plaintiff chose not respond by December 7, 2012, the Court warned, "the action [would] proceed only upon the claim regarding the alleged violation of Plaintiff's Fourteenth Amendment due process rights through his transfer from the ISP to the WCU." (*Id.*)

In his motion to reconsider the Court's order of November 5, 2012, and to appoint counsel, Plaintiff respectfully declined to select any particular claim on which to proceed, and reiterated his request to proceed on all of his claims. (DE 34-1 at 21.) Accordingly, the Court will proceed on the current screening order, and issue a scheduling order for dispositive motions based on the Defendants' affirmative defense of failure to exhaust administrative remedies.

For the foregoing reasons, the Court DENIES Plaintiff's motion to reconsider the order

of November 5, 2012, and to appoint counsel (DE 34).

Defendants have asserted the affirmative defense of failure to exhaust administrative remedies. The Court now ORDERS Defendants to serve and file, by October 7, 2013, one dispositive motion based on the Plaintiff's failure to exhaust administrative remedies or a notice that they waive their opportunity to file such a motion. All discovery is STAYED pending the filing of that notice or resolution of that dispositive motion, except discovery directed at the question of exhaustion. The Court CAUTIONS Defendants that if they do not comply with this directive, they forfeit the defense of failure to exhaust administrative remedies.

SO ORDERED on July 15, 2013.

                                                s/ Joseph S. Van Bokkelen
                                                JOSEPH S. VAN BOKKELEN
                                                UNITED STATES DISTRICT JUDGE